IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,
Plaintiff,

No. __05-075__

vs. __Brian Patrick Street__,
Defendant.

ORDER OF DETENTION PENDING TRIAL

On __5/6/05__ a detention hearing was held/~~waived~~. Appearing were: Defendant personally,
AUSA __Richard__ and __Angela Campbell__. Based upon the evidence presented, the Court FINDS:

There is probable cause to believe defendant has committed an offense as charged: __sexual exploitation of children in viol. 18 USC 2251(a), possession of visual depiction of minors engaged in sexual conduct in viol. 18 USC 2252(a)(4)(B)__

___ under 18 U.S.C. § 924(c);
___ for which the maximum term of imprisonment is 10 years or more, in violation of 21 U.S.C. § 841/846/_____.
_X_ Defendant has not rebutted the presumption of detention allowed by 18 U.S.C. § 3142(e).
_X_ There is a serious risk defendant will not appear.
___ There is a serious risk that the Defendant will endanger the safety of another person or the community.

Reasons for Detention: The Court has considered conditions or combination of conditions of release outlined in 18 U.S.C. § 3142(c) and finds by a preponderance of the evidence (or clear and convincing evidence) that defendant should be detained due to the following factors pursuant to 18 U.S.C. § 3142(g):

_X_ Nature and circumstances of the offense: __See Memorandum Findings, attached.__

  _X_ crime of violence
  ___ narcotics
  ___ Weight of the evidence: _____

_X_ Family ties: _____

_X_ Community ties/length of residence: _____

_X_ Employment: _____

___ Substance abuse history: _____

_X_ Criminal history/court appearances: _____

___ On probation/supervision at the time of the offense.

The Court has determined that there are no conditions or combination of conditions which reasonably assure the ~~appearance of the defendant and/or any other person or~~ the safety of the community. _RAW_

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

APPEAL: Defendant may file an appeal of the detention order to a district court judge. Defendant may request reconsideration of this order if additional facts become available.

Dated: __5/12/05__

__/s/__
Signature of Judicial Officer

__Ross A. Walters__
Name
U.S. Magistrate Judge

<u>United States v. Brian Patrick Street</u>
No. 4:05-cr-00075-UNA-RAW

Defendant is indicted in a two-count Indictment with sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and possession of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  The offenses charged are statutory crimes of violence under the Bail Reform Act.  18 U.S.C. § 3156(4)(C).  The sexual exploitation charge alleging a § 2251(a) violation is also subject to the rebuttable presumption in 18 U.S.C. § 3142(e) that no condition or combination of conditions of release would provide reasonable assurance for the defendant's appearance and the safety of the community.  The Indictment establishes probable cause to believe defendant committed the offenses charged.

Defendant resided in Griswold, Iowa, with his wife Debbie Street, her two daughters by another marriage, identified in the record as Jane Doe #1 and Jane Doe #2, and adopted son.  In the early morning hours of March 31, 2005, Jane Doe #1 set fire to the house in an attempt, she told authorities later, to kill defendant because he had frequently sexually abused her for a number of years.  Jane Doe #1 is 17 years old.  Jane Doe #1's 13-year-old sister, Jane Doe #2, died in the fire as well as Debbie Street's adopted son.

Jane Doe #1 is facing charges in state court.  She told the authorities that defendant took Polaroid photographs of his


sexual conduct with her. She said most of the photographs had been taken in Bellevue, Nebraska, where the family had lived for a few months between August and October 2004 before moving to Griswold. She said the photographs were stored in a fire proof safe in the home. A state search warrant was obtained and the photos were found where Jane Doe #1 said they would be.

Sixty-five photographs were found. Fifty-three depicted sexually explicit conduct. Thirty showed Jane Doe #1 clothed only in undergarments also found in the search of the home. Most of the rest depicted Jane Doe #1's genitals and pubic area and/or acts of sexual intercourse between Jane Doe #1 and defendant. The record will speak for itself in this regard.

Four letters written by Jane Doe #2 were found in the home after the fire, one addressed to Jane Doe #1, one to the adopted son who perished, one to defendant, and one to all three. Jane Doe #2 wrote she had decided to run away and in her letter to defendant told him that if he attempted to find her she would tell the police that he had raped her, and that that was the truth.

Jane Doe #3, now an adult, came forward after the fire and defendant's alleged abusive conduct had surfaced. Jane Doe #3 was defendant's stepdaughter in the early 1990s. She told the Cass County Sheriff's Department that when she was about twelve or thirteen years old defendant would discipline her in a sexual way.

2

Jane Doe #3 reported that defendant would spank her bare buttocks and put his fingers into her vaginal area.

The testimony at the detention hearing was to the effect that defendant and Debbie Street with the children moved frequently in recent years residing in different states, often staying only one to two months in each location. Jane Doe #1 has stated they moved because defendant was trying to stay away from law enforcement. The rent for the most recent residence, in Griswold, was paid with cash. Defendant has not been employed for about a year. According to the government, he obtained money by petty frauds (setting up phoney bank accounts, purchasing items at retail stores, and then returning them for cash) moving on when the situation warranted.

Defendant has a relevant criminal history. In 1987 he was convicted in Missouri of three felonies, robbery in the first degree, burglary in the second degree, and stealing a motor vehicle. He was sent to prison for a little over three years and then was paroled. Between 1997 and 2003 he was charged by Nebraska authorities four times with insufficient fund and theft offenses. Only one conviction for such offenses is noted in this record. Apparently there is an insufficient fund check offense pending in Cass County, Iowa, as a warrant was issued for failure to appear on February 15, 2005.

The rebuttable presumption places a burden of production upon a defendant, not a burden of persuasion. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); see United States v. Orta, 760 F.2d 887, 891-92 & n.17 (8th Cir. 1985). The presumption is an important factor, but the burden remains on the government to establish by clear and convincing evidence that no condition or set of conditions of release will reasonably assure the safety of the community and/or by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance. Abad, 350 F.3d at 797 (quoting United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)); United States v. Sazenski, 806 F.2d 846, 847-48 (8th Cir. 1986); Orta, 760 F.2d at 891. The standard is "reasonable assurance," not a guarantee. Kisling, 334 F.3d at 735; Orta, 760 F.2d at 891-92. The Bail Reform Act "continues to favor release over pretrial detention." Orta, 760 F.2d at 890. See United States v. Holloway, 781 F.2d 124, 125-26 (8th Cir. 1986).

The rebuttable presumption, however, is intended to have real significance. It is not a "bursting bubble" which disappears upon the production of some evidence by a defendant and may be given evidentiary weight. United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992); United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991); United States v. Dillon, 938 F.2d 1412, 1416 (1st

Cir. 1991). It thus remains a factor to be considered. The Court must keep in mind that the statute evinces a congressional finding that those offenses subject to presumptive detention involve particular danger to the community and implicate a special risk of flight. United States v. Apker, 964 F.2d 742, 743-44 (8th Cir. 1992); United States v. Jessup, 757 F.2d 378, 383-84 (1st Cir. 1985); United States v. Garcia, 801 F. Supp. 258, 261-62 (S.D. Iowa 1992).

In this case defendant by proffer states that he can live with his sister and she has agreed to act as third-party custodian. He also has an opportunity for employment with a family member. This evidence is minimally sufficient for defendant to meet his burden of production.

The offenses charged are crimes of violence. The circumstances are aggravated. Defendant created the visual depictions of sexually explicit conduct with Jane Doe #1 he possessed and transported from Nebraska to Iowa. As described in the record, the depictions include various acts of sexual intercourse between Jane Doe #1 and defendant. There is a suggestion in the testimony that some of the sexual conduct was consensual, but the Court believes Jane Doe #1's attempt to kill defendant, the manner in which she attempted to do so, and her post-arrest statements to the authorities are dramatic evidence to the contrary. The sexually explicit conduct described in the

5

record was in all probability against the will of Jane Doe #1. Of course, consent is not an element in the charged offenses.

In weighing the seriousness of the danger posed by defendant, it is appropriate to consider that crimes which involve sexual activity with a minor "weigh[] heavily against release." Abad, 350 F.3d at 798. Here, the photographs provide strong evidence of that activity. The further evidence suggesting defendant has engaged in similar sexually abusive conduct with two other female children with whom he has resided is probative of a sexual attraction to minors which no conditions of release are likely to alter. The nature and circumstances of the offenses charged together with the evidence of a history of sexually abusing children thus support a conclusion that defendant presents a substantial risk for further similar conduct if released, conduct which by its nature involves a high degree of danger to the community. See 18 U.S.C. § 3142(g)(4). Defendant's felony criminal history reenforces the assessment of dangerousness.

There is nothing in the record about defendant's character, family ties, employment history or community ties to indicate that these factors would act as a deterrent to criminal activity or provide some assurance for obedience to conditions of release. To the contrary, they are not positive factors on this record. The Court appreciates Ms. Michaels' willingness to act as third-party custodian for her brother, but the Court cannot find

6

that placement in her custody would provide reasonable assurance for the safety of the community. The influence of family members has not been shown to have had much effect on defendant's behavior in the past.

The Court has considered placement in a halfway house under strict conditions of supervision, but when the risk and danger are weighed against the fact that the effectiveness of such a placement is ultimately dependent on defendant's compliance with the rules of the facility, that alternative in the Court's judgment also falls short of supplying reasonable assurance.

For the reasons indicated the Court has concluded the government established by clear and convincing evidence that no condition or combination of conditions of release would provide reasonable assurance for the safety of the community in defendant's case. He has been ordered detained on the ground of dangerousness.

The government has also moved to detain defendant as a flight risk. The seriousness of the offenses with which defendant is charged, his frequent changes of residence assertedly to stay one step ahead of the law, the use of different names and social security numbers all are probative of a risk of flight. However, the Court believes that conditions of release involving such things as a curfew enforced by electronic monitoring and placement in a halfway house would provide reasonable assurance for defendant's appearance in connection with these proceedings.